UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kayla Matheson, | § § § | |
| *Plaintiff,* | § § § | Case No. 4:21-cv-00451 |
| v. | § § | |
| Andrew Sault, Commissioner of the Social Security Administration, | § § § § | |
| *Defendant.* | | |

## MEMORANDUM AND RECOMMENDATION TO GRANT ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff Kayla Matheson's motion requesting attorney's fees and costs incurred in her successful challenge to an adverse ruling from the Social Security Administration. Dkt. 28. It is recommended that Matheson's motion be granted.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorney's fees if she prevails on appeal from a decision by the social security administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that she is the prevailing party; (2) that she timely filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances exist that would make

a fee award unjust. *Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The course of proceedings shows both that Plaintiff is the prevailing party and that the agency's position was not substantially justified. *See* Dkt. 27 (adopting recommendation to vacate the agency's decision and remand for further proceedings, Dkt. 26). Plaintiff also timely filed her motion for attorneys' fees within thirty days of when the district court's judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from "final judgment in the action"); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 27 (Aug. 22, 2022 order vacating agency decision); Dkt. 28 (Sept. 30, 2022 motion for fees). No special circumstances make a fee award unjust.

In fact, Defendant agreed that Matheson is a prevailing party entitled to recover her attorneys' fees. Dkt. 29 at 1. Defendant also stated that, "[a]fter carefully reviewing the documents that Plaintiff submitted in support of her EAJA Motion," she agreed that the fees sought were reasonable. *Id.* at 2.

Regardless, the Court has reviewed Plaintiff's fee application and finds that the number of attorney hours for which she seeks compensation (27.25 hours) and the hourly rate are reasonable and necessary. *See* Dkt. 28 at 1-2; *Reese v. Saul*, 2021 WL 2188686, at *2 (S.D. Tex. Apr. 1, 2021) ("[C]ourts

typically award between 30 and 40 hours of work for Social Security Appeals."), *report and recommendation adopted,* 2021 WL 2188200 (S.D. Tex. May 28, 2021); *Mesecher v. Berryhill,* 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (collecting cases for the same observation). As "[c]ourts routinely use the Consumer Price Index ('CPI') compiled by the U.S. Bureau of Labor Statistics to determine" hourly-rate adjustments, as Matheson did, the proposed hourly rates—$209.38.00 per hour for 2021 and $223.75 per hour for 2022—are justifiable and account for cost-of-living and inflationary factors.[1] *Reese,* 2021 WL 2188686, at *2; 28 U.S.C. § 2412(d)(2)(A) (permitting courts to exceed $125 if it is determined "that an increase in the cost of living or special factor … justifies a higher fee"); *see also Chargois v. Barnhart,* 454 F. Supp.2d 631, 634 (E.D. Tex. 2006) (utilizing cost-of-living adjustment based on the Consumer Price Index in the region where services were performed).

The Court therefore should grant Matheson's request for $5,870.87 in attorneys' fees.

---

[1] Other than generally identifying the Bureau of Labor Statistics' website (www.bls.gov), Matheson does not provide her methodology or source statistics for calculating her CPI adjustments to $209.38 and $223.75 for January 2021 and January 2022, respectively. The Court notes, however, that Matheson's claimed hourly fees are slightly lower than the ones calculated using the CPI Inflation Calculator at www.bls.gov/data/inflation_calculator.htm. The BLS's calculator shows that the buying power of $125.00 (as of March 1996, the date of the last relevant EAJA amendment) translates to $210.00 in January 2021 and $225.71 in January 2022. Accordingly, because the hourly rates sought are slightly less than the CPI-adjusted rates, the Court finds Matheson's request to be justifiable.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff Kayla Matheson's motion for attorneys' fees and costs (Dkt. 28) be **GRANTED**, and that Defendant be ordered to pay Matheson $5,870.87 in attorneys' fees.

Signed on November 28, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge